**DARNALL KEMNA & CO., INC., a California Corporation and George Clark, Appellants,**

v.

**Leslie HEPPINSTALL and Mark Heppinstall, Appellees.**

**No. S–4407.**

Supreme Court of Alaska.

May 7, 1993.

---

William H. Breck, San Francisco, CA, for appellant Darnall Kemna & Co.

Christopher J. Heaphey, Bankston & McCollum, Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

This appeal arises out of the lawsuit Leslie and Mark Heppinstall filed in superior court against Darnall Kemna & Co., Inc. and George Clark. The Heppinstalls sued Darnall Kemna, their stockbroker, and Clark, Darnall Kemna's agent in Anchorage, because they suffered losses following the "crash" in the United States securities markets in October 1987. Darnall Kemna asserted a counter-claim against the Heppinstalls to recover $63,141.37 which Darnall Kemna had paid to cover the margin call on the Heppinstalls' stock. The superior court granted partial summary judgment to the Heppinstalls, ruling that Darnall Kemna and Clark had conclusively admitted facts sufficient to establish Darnall Kemna's and Clark's liability and the Heppinstall's concomitant right to rescissionary damages under AS 45.55.220. Following a trial to determine the amount of damages, the superior court awarded the Heppinstalls $106,177.00. Darnall Kemna and Clark were held jointly and severally liable for this amount. The court declined to enter judgment in favor of Darnall Kemna on its counter-claim. Darnall Kemna and Clark appeal these decisions.

## I. FACTS AND PROCEEDINGS

Darnall Kemna, a California corporation, was a broker-dealer registered with the Securities & Exchange Commission (SEC) and the National Association of Securities Dealers (NASD). In the late summer of 1987, Clark became affiliated with Darnall Kemna as Darnall Kemna's agent in Anchorage. In September 1987 Anchorage residents Leslie Heppinstall and his son Mark opened an account as joint tenants with Darnall Kemna through Clark. During the period when these transactions occurred, Darnall Kemna was not registered with the Alaska Department of Commerce and Economic Development, Division of Securities under AS 45.55.030(a). The Heppinstalls had been one of Clark's clients previously and agreed to "transfer" with him in his new relationship with Darnall Kemna. On September 1st the Heppinstalls executed a margin agreement and an option agreement through Clark.

During the period from September 1 to October 15, purchase and sale transactions were made in the Heppinstall account, resulting in a net positive equity of $115,141 at the close of business on Friday, October 16. Over the next three business days (October 19, 20, and 21), the U.S. securities markets "crashed," resulting in a reduction of the net equity in the Heppinstall account from a positive $115,141 on October 16th to a negative $34,004 at close of business on October 21. Margin calls were issued to the Heppinstalls on October 19, 20, and 21, requiring the immediate deposit of cash or marketable securities into their account to avoid the liquidation of the remaining securities in the account. The Heppinstalls did not make any deposit, and the remaining securities in their account were sold on October 26 and 27. The account was subsequently closed in December.

Following liquidation of the Heppinstall account, there remained a negative balance of $63,141.37. Darnall Kemna paid this amount when the Heppinstalls failed to do so.

In late July 1988, the Heppinstalls filed a complaint against Darnall Kemna and Clark alleging that the broker and its agent had traded in securities in the state without being registered with the Alaska Department of Commerce and Economic Development, Division of Securities, thus violating AS 45.55.030(a). The Heppinstalls sought rescissionary damages to return them to the financial position they had occupied prior to their dealings with Darnall Kemna. The superior court granted summary judgment in favor of the Heppinstalls on the issue of liability. The superior court found that Darnall Kemna had admitted in its answer both that it was a broker-dealer for the purposes of the Alaska Securities Act of 1959 and that it had sold securities in the state to the Heppinstalls.[1] The trial court also found that Darnall Kemna admitted that it was not registered in the state as required by AS 45.55.030,[2] during the time that the Heppinstalls purchased and sold securities. The court thus concluded that Darnall Kemna was "engaged in the business of effecting transactions in securities for the account of [the Heppinstalls] during the period of time in question ... [and] that Darnall–Kemna was an unregistered broker-dealer not able to do such transactions within the State of Alaska," and determined that summary judgment on the liability claim was appropriate.

After a trial to establish damages, the superior court awarded the Heppinstalls rescissionary damages in the amount of $106,177 plus interest, costs, and attorney's fees. This amount reflected the net equity transferred into the Heppinstalls' account on September 17, 1987. The superior court also denied recovery of the $63,141.37 that Darnall Kemna spent to cover the Heppinstalls' margin calls. Final judgment was entered in December 1990.

1. The superior court also relied on the judicial admissions contained in the federal litigation Darnall Kemna instituted against the Heppinstalls.

2. Alaska Statute 45.55.030(a) states that:

It is unlawful for a person to transact business in this state as a broker-dealer or agent unless the person is registered under this chapter.

Darnall Kemna and Clark now appeal these decisions.

## II. STANDARD OF REVIEW

When reviewing a grant of summary judgment, we must determine whether any genuine issue of material fact exists, and whether the moving party is entitled to judgment as a matter of law. In reaching our decision, all reasonable inferences of fact from proffered materials must be drawn against the moving party and in favor of the non-moving party. *Wright v. State*, 824 P.2d 718, 720 (Alaska 1992).

## III. DISCUSSION

A. *Liability*

The superior court granted summary judgment for the Heppinstalls on their liability claim against Darnall Kemna. The court granted summary judgment because it found that Darnall Kemna admitted facts in its answer sufficient to establish liability under AS 45.55.220. *See infra, Damages*, at 77.

The court supported this conclusion by finding that Darnall Kemna "admitted in its answer ... that Darnall Kemna is a broker-dealer for the purposes of the Alaska Securities Act of 1959." Darnall Kemna also "admitted that it sold securities in the State of Alaska to [the Heppinstalls]." The court further found that Darnall Kemna "admitted ... that Darnall Kemna was not registered as required by Alaska Stat. 45.55.030."

▌ The general rule provides that admissions made in the pleadings are conclusively established. IX John H. Wigmore, *Wigmore on Evidence* § 2590, at 822 (Chadbourn rev. 1981);[3] *see A.B.M. v. M.H.*, 651 P.2d 1170, 1174 (Alaska 1982); Alaska R.Civ.P. 36(b). Thus, the sole re-

maining issue is whether Darnall Kemna did, in fact, admit facts sufficient to make out a prima facie case for liability with no countervailing defenses.

▌ Darnall Kemna admitted in its Answer to First Amended Complaint that it was a "broker-dealer for the purposes of the Alaska Securities Act of 1959." Darnall Kemna also specifically admitted that it "sold securities in the State of Alaska to plaintiff[s]." Further, Darnall Kemna stated in its Answer that it "ADMITS that it was not registered under AS 45.55.030, due to an administrative oversight."

We hold that these admissions are conclusive of liability and affirm the trial court's grant of partial summary judgment for the Heppinstalls.[4] Darnall Kemna claims on appeal that it falls within an exception to the definition of broker-dealer. However, Darnall Kemna's present denial on appeal of status as a broker-dealer, after earlier admitting to the trial court that it does fall within the definition, is misplaced. Given that we accept the finding that Darnall Kemna admitted to being a broker-dealer, we will not now reexamine whether Darnall Kemna falls under an exception to the definition.

▌ Darnall Kemna and Clark argue, with respect to Clark, that the trial court erred by ruling that Clark had violated AS 45.55.030 based solely on admissions in the pleadings. Alaska Statute 45.55.030(a) provides that agents must be registered. However AS 45.55.130(2)[5] excludes from its definition of "agent" anyone who "represents an issuer in effecting transactions." Thus, Darnall Kemna and Clark contend that because Clark represented an issuer, he is exempt from the registration requirements.

---

**3.** "The vital feature of a judicial admission is universally conceded to be its *conclusiveness* upon the party making it, i.e., the prohibition of any further dispute of the fact by him and of any use of evidence to disprove or contradict it." IX John H. Wigmore, *Wigmore on Evidence* § 2590, at 822.

**4.** We also rely on the admissions Darnall Kemna made in the federal case.

**5.** Alaska Statute 45.55.130(2) states in part:

"[A]gent" means an individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect purchase or sale of securities; ... "agent" does not include an individual who represents *an issuer* in effecting transactions[....]
(emphasis added.)

Under AS 45.55.130(2), the exception to the registration requirement would not apply to Clark because Clark did not represent an issuer. "[I]ssuer means a person who issues or proposes to issue any security, . . ." AS 45.55.130(7). Clark was representing a broker-dealer, Darnall Kemna, and therefore had to be registered. "[B]roker-dealer means a person engaged in the business of effecting transactions in securities. . . ." AS 45.55.130(3).

█ Regarding Clark's registration status under AS 45.55.030(a), Darnall Kemna argues that there was no competent evidence before the trial court as to whether Clark was or was not registered. Therefore, the trial court erred by granting summary judgment against Clark. *See Concerned Citizens of S. Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 450 (Alaska 1974) (party seeking summary judgment may only discharge its burden of showing that the case presents no issue of material fact by submission of material admissible evidence).

This argument fails, however, in light of a further provision of AS 45.55.030(b) which states that "[t]he registration of an agent is not effective during a period when the agent is not associated with a particular broker-dealer registered under this chapter." Thus Clark's registration would only be effective if Darnall Kemna had been properly registered in Alaska. Even if Clark was registered in Alaska, he would have to be affiliated with a registered broker-dealer for his own registration to be effective. Clark was not affiliated with a registered broker-dealer and thus did not satisfy the registration requirements.

We therefore affirm the superior court's decision to grant partial summary judgment to the Heppinstalls on the liability issue.[6]

## B. *Damages*

Darnall Kemna violated AS 45.55.030(a) by not being registered in Alaska as a broker-dealer when it sold certain stocks and stock options to the Heppinstalls during the weeks immediately preceding the market "crash" on October 19, 1987. Therefore, Darnall Kemna is strictly liable under AS 45.55.220(a) either for the consideration paid for the security or for damages, if the buyer is unable to tender back the security. AS 45.55.220 provides in part:

(a) A person is liable to the person buying the security from the person for the consideration paid for the security, together with interest at six percent a year from the date of payment, costs, and reasonable attorneys' fees, less the amount of income received on the security, upon the tender of the security, or for damages if the seller no longer owns the security, if the seller

(1) offers or sells a security in violation of AS 45.55.030(a). . . .

. . . .

(b) Damages are the amount that would be recoverable upon a tender less the value of the security when the buyer disposed of it and interest at six percent a year from the date of disposition.

The definition of damages in AS 45.55.-220(b) is essentially identical to the definition in the original Uniform Securities Act section 410(a). *See generally* 11C–Part 2, Business Organizations, Hugh L. Sowards & Neil H. Hirsch, *Blue Sky Regulation* § 9.04, at 932 n. 2 (1992). The damages awarded when the buyer no longer owns the security is "designed to be the substantial equivalent of rescission." Louis Loss, *Commentary on the Uniform Securities Act* 146 (1976); *see also* Sowards & Hirsch, *supra.*

Parts of section 410 were in turn modeled after section 12 of the Securities Act of 1933, 15 U.S.C. § 77*l*(2) (1988). *See* Loss, *supra* at 147. In *Randall v. Loftsgaarden*, 478 U.S. 647, 106 S.Ct. 3143, 92 L.Ed.2d 525 (1986), the United States Supreme Court assumed without discussion that section 12 required that a rescission-

---

6. Darnall Kemna also argued that puts and options were not securities within the meaning of AS 45.55.220. We have examined Darnall Kem-

na's remaining contentions and find them lacking in merit.

ary measure of damages be employed where the plaintiff no longer owns the security. *Id.* at 656, 106 S.Ct. at 3149. "[T]he plaintiff is entitled to a return of the consideration paid, reduced by the amount realized when he sold the security and any 'income received' on the security." *Id.*

The goal of such a rescissionary measure of damages is to return an injured party to the position that he or she was in before entering into a transaction. *Id.* Indeed, the Court noted in *Randall* that by choosing a rescissionary remedy when it enacted section 12(2), it could be inferred that Congress intended to shift the risk of an intervening decline in the value of the security to the seller of the security. *Randall,* 478 U.S. at 659, 106 S.Ct. at 3151 ("[R]escission adds an additional measure of deterrence as compared to a purely compensatory measure of damages.").

■ Although there is no evidence that Darnall Kemna intentionally violated AS 45.55.030(a), the proper remedy is still rescission. The Heppinstalls were thus entitled to damages in an amount which placed them in the same position as they were in before the illegal sales. They are therefore entitled to the net equity in their Darnall Kemna account on the date of the initial transfer ($106,177.00), plus interest, costs, and attorney's fees.

Furthermore, Darnall Kemna may not recover the $63,141.37 expended in covering the loss incurred by the clearing broker both because Darnall Kemna is barred from recovery under AS 45.55.220(g) [7] and because the Heppinstalls never would have incurred that debit on their account but for the illegal sales.

The decision of the superior court is AFFIRMED.

**7.** Alaska Statute 45.55.220(g) states in part: A person who makes or engages in the performance of a contract in violation of a provision of this chapter ... may not base a suit on the contract.