Ben LATHAM, Appellant,

v.

Governor Sarah PALIN and Alaska
Attorney General Talis Colberg,
Appellees.

No. S–13526.

Supreme Court of Alaska.

March 18, 2011.

Rehearing Denied April 29, 2011.

See also 2006 WL 1667661.

Ben Latham, pro se, Anchorage, Appellant.

John W. Erickson, Jr., Assistant Attorney General, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for Appellees.

Before: CARPENETI, Chief Justice, FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

*OPINION*

FABE, Justice.

## I. INTRODUCTION

Ben Latham sued the governor and attorney general for failing to challenge the constitutionality of 1995 legislation that modified the jurisdiction of the court of appeals to hear excessive sentence appeals. The superior court dismissed Latham's lawsuit on the grounds of res judicata and collateral estoppel. Latham now appeals.

This is Latham's third lawsuit related to the 1995 legislation. In 1998 Latham filed an application for post-conviction relief seeking to withdraw a plea entered prior to the 1995 legislation. Latham argued that he had entered the plea in reliance on rights that were stripped by the legislation. The application was denied on the ground that Latham was not affected by the 1995 legislation. In 2006 Latham brought a class action lawsuit against the Alaska Public Defender Agency, past and present governors, and others, challenging the constitutionality of the 1995 legislation and the failure of public defenders to inform criminal defendants of the changes brought by this legislation. Class certification was denied and the action was dismissed.

We affirm the superior court's order dismissing Latham's current lawsuit. Prior litigation has conclusively established that Latham was not injured by the 1995 law. To the extent that Latham's claims are predicated on injury from that law, they are precluded by collateral estoppel. To the extent his claims are not predicated on harm from the 1995 law, they are barred by the doctrine of discretionary immunity.

## II. FACTS AND PROCEEDINGS

### A. Facts

The history of Latham's earlier litigation was set forth in our unpublished opinion, *Latham v. Alaska Public Defender Agency*.[1] We repeat that opinion's summary verbatim.

In 1986 Ben Latham was convicted of robbery in the first degree and criminal mischief in the second degree for robbing a grocery store and damaging the stolen car in which he attempted to flee the scene of the crime. Upon conviction, he pled no contest to a second charge of criminal mischief for an unrelated incident, but reserved the right to appeal the trial court's decision not to suppress an electronically recorded conversation in which he admitted to all three crimes. Latham was sentenced to seven years of imprisonment for the robbery, and to terms of one and a half years each for the criminal mischief convictions. The criminal mischief sentences, which were suspended, were concurrent with each other but consecutive to the robbery sentence. Thus, his total sentence was eight and a half years, with one and a half years suspended. Latham appealed both his conviction and his sentence, but the court of appeals affirmed.

In 1994, before his probation for the 1986 conviction ended, Latham was convicted of another charge of criminal mischief in the second degree. The state moved to revoke his probation. The superior court found that Latham had violated his probation, but rather than sentencing him to any of the suspended jail time, it extended his term of probation by an additional year. Latham claimed on appeal that the sentence was excessive, but his claim was dismissed for lack of jurisdiction. The court of appeals affirmed this decision, and denied Latham's motion for reconsideration, noting that it did not have sentencing appeal jurisdiction in cases where no prison sentence had been imposed. Latham did not petition for discretionary sentence review in this court.

Latham then sought post-conviction relief, claiming that a 1995 law changing the

1. Mem. Op. & J. No. 1254, 2006 WL 1667661 (Alaska, June 14, 2006).

jurisdiction of the court of appeals effectively eliminated his right to appeal his sentence, a right upon which he had relied when entering a plea in 1986. He therefore sought leave to withdraw the 1986 plea.

The court of appeals, reviewing the superior court's denial of Latham's petition for post-conviction relief, summarized the 1995 legislation as follows:

> In 1986, AS 12.55.120(a) stated that "[a] sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms of one year or more may be appealed to the court of appeals by the defendant on the ground that the sentence is excessive." (At that time, Appellate Rule 215(a) provided that a defendant could appeal a sentence of 45 days or more.) After the 1995 amendments, AS 12.55.120(a) stated that "[a] sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding two years of unsuspended incarceration for a felony offense ... may be appealed to the court of appeals by the defendant on the ground that the sentence is excessive...." The statute also limited the ability of a defendant to bring a sentence appeal when the sentence was imposed "in accordance with a plea agreement."

Because Latham was not sentenced to any term of imprisonment when his probation was extended, the court of appeals held that he was not entitled to bring a sentence appeal under either version of AS 12.55.120(a), or even under the more lenient terms of Appellate Rule 215(a). It therefore affirmed the decision of the superior court. Latham appealed to this court, which denied his petition without issuing an opinion.

In its denial of post-conviction relief, the court of appeals provided a detailed procedural history of Latham's appeals, and noted that Latham's previous appeal lacked merit in light of its holding in *Amin v. State*. In *Amin*, the court of appeals held that the application of the post–1995 version of AS 12.55.120(a) to crimes committed before 1995 did not violate the ex post facto clauses of the United States and Alaska Constitutions.

Latham then brought a civil action in superior court purporting to represent himself, several other named parties, and "all other [p]ersons who are now or have been or will be similarly situated, John Doe 1–50,000[ ], [and] Jane Doe 1–50,000." Adassa Zaire Amin, the defendant in the case cited by the court of appeals, and Dallas Floyd, one of the named plaintiffs in Latham's first filing, subsequently joined the case as plaintiffs. The lawsuit named a number of defendants, including the Alaska Public Defender Agency; the Alaska Office of the Public Advocate; several attorneys who had represented Latham and the other named plaintiffs; hundreds of unnamed parties who were employed by the Public Defender Agency and the Office of the Public Advocate; the State of Alaska; and present and past governors and attorney[s] general[ ] of Alaska.

Latham asserted several claims, including legal malpractice for failing to advise him of the changes in the 1995 statute; a massive conspiracy "to violate Alaska [r]esidents['] civil rights that are guaranteed under the ... [d]ue [p]rocess and equal protection [clauses]"; federal civil rights violations; and violation of the state ex post facto clause. All of these claims, and the new allegations raised in Latham's amended complaint, were predicated on Latham's claim that the 1995 legislative changes had deprived him of his right to appeal his sentence.

Latham sought compensatory damages amounting to over $100 billion in addition to requesting class certification; an order from the superior court declaring several Alaska statutes unconstitutional; the disbarment of all defendant attorneys for a term of six years; and the voiding of all plea agreements affected by the 1995 legislation. He also sought "an [a]ward of punitive damages in an amount to be set by the [j]ury, with due consideration for the acts complained of, the annual budget of the State of Alaska, ... [and the parties']

[l]egal [m]alpractice . . . insurance." [2]

## B. Proceedings

In November 2008 Latham filed the present lawsuit against then-Governor Sarah Palin and Attorney General Talis Colberg. Latham alleged that the defendants violated his due process rights by failing to challenge the 1995 legislation as a "Punitive Ex Post Facto Prohibited Law" or request its repeal. Latham sought a declaration that the 1995 statute was invalid (among other declaratory relief) and one million dollars in compensatory damages from each defendant. Latham filed a first and second amended complaint in January 2009. In the first amended complaint, Latham increased his damages claim to ten million dollars. In the second amended complaint, he further increased his damages claim to one billion dollars and added a claim for violation of equal protection.

The defendants moved to dismiss the lawsuit on the grounds that Latham's claims were barred by res judicata and collateral estoppel and also that: (1) the 1995 legislation is constitutional; (2) Latham's claims are non-justiciable and barred by discretionary-function immunity; (3) Latham's claims are barred by absolute immunity; (4) defendants owe no actionable tort duty to Latham; (5) there is no direct tort action under the Alaska Constitution; (6) defendants cannot be sued under 42 U.S.C. § 1983 in their official capacities; and (7) under *Heck v. Humphrey*,[3] Latham cannot bring a § 1983 action calling into question the legitimacy of his criminal conviction until his conviction is reversed or invalidated. Latham opposed the motion to dismiss and filed a cross-motion for summary judgment. He also moved to amend his second amended complaint, attaching a third amended complaint to the motion; the defendants opposed this amendment.

In April 2009 the superior court dismissed Latham's lawsuit and denied his motion to amend his second amended complaint on the ground that amendment would be futile. The court concluded that Latham's claims "had already been fully litigated at least once" and were therefore barred by the doctrines of res judicata and collateral estoppel. The court did not explicitly address the defendants' other defenses, although it found the defendants' "legal analysis . . . to be persuasive."

## III. DISCUSSION

### A. Latham's Claims For Damages Are Precluded By Collateral Estoppel.

Collateral estoppel, or issue preclusion, "bars the relitigation of issues actually determined in [earlier] proceedings."[4] We require four elements before applying collateral estoppel:

(1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action;

(2) the issue precluded from relitigation is identical to the issue decided in the first action;

(3) the issue was resolved in the first action by a final judgment on the merits; and

(4) the determination of the issue was essential to the final judgment.[5]

It has been conclusively litigated that the 1995 changes to AS 12.55.120(a) did not injure Latham in any way. In Latham's class action lawsuit, we framed the question as whether the 1995 changes "prevented him from seeking review of the superior court's decision to add a year to his probation." [6] In denying Latham's application for post-conviction relief, the superior court determined that Latham would have been unable to appeal his sentence as excessive under either the pre–1995 version of AS 12.55.120(a) or

---

**2.** *Id.* \*2–5 (internal citations and footnotes omitted).

**3.** 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

**4.** *Jeffries v. Glacier State Tel. Co.*, 604 P.2d 4, 8 n. 11 (Alaska 1979).

**5.** *Midgett v. Cook Inlet Pre–Trial Facility*, 53 P.3d 1105, 1110 (Alaska 2002).

**6.** *Latham*, 2006 WL 1667661, at ⁸4.

the post–1995 version.[7] The court of appeals agreed with this ruling,[8] and we denied Latham's petition for review.[9] Although the state actor defendants in Latham's application for post-conviction relief and class action lawsuit were different, Latham was a party in both actions, and he is the party against whom preclusion is sought.[10]

■ Thus, because Latham was a party to the earlier litigation, the first element of collateral estoppel has been satisfied. The second element, identity of issues, is satisfied because the issue in his earlier litigation is a necessary component of Latham's claims in this case. Latham's claims are predicated on the theory that the 1995 legislative change harmed him. He claims damages as compensation for injury done to him by the 1995 change. But he is not entitled to compensation if there was no injury. Latham's § 1983 claims are similarly predicated on injury. 42 U.S.C. § 1983 provides that government officials "shall be liable to the party injured." Here, it has been established that Latham was not injured by the 1995 legislative change. Because Latham's claims are premised on this injury, they are barred by collateral estoppel. The third element of collateral estoppel has been satisfied because the question whether the 1995 change harmed Latham has been decided. The resolution of that issue was necessary to the final judgment dismissing Latham's action, satisfying the fourth element. Therefore, the court of appeals' ruling that Latham was not injured by the 1995 legislation bars Latham from further lawsuits based on harm arising from the alleged unconstitutionality of the legislation.[11]

**B. Latham's Claims For Declaratory Judgment Are Barred By Discretionary Immunity.**

■ To the extent that Latham's claims seek declaratory judgment rather than damages, and thus may not be barred by collateral estoppel, they are barred by the state's discretionary immunity. The Alaska Tort Claims Act (ATCA) partially preserves the state's sovereign immunity by providing that "an action may not be brought if the claim . . . is an action for tort, and is based upon an act or omission of an employee of the state, exercising due care, in the execution of a statute or regulation, whether or not the statute or regulation is valid; or is an action for tort, and based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty." [12] We have previously held that a defendant's immunity will bar a claim seeking declaratory relief.[13] We do so again here.

■ We conclude that Latham's declaratory judgment claim is an "action for tort" and that the government acts he challenges involved the performance of a "discretionary function" within the meaning of the ATCA.

7. *Latham v. State*, Mem. Op. & J. No. 4769, 2003 WL 22250341, at *3 (Alaska App., Oct. 1, 2003).

8. *Id.*

9. *Latham*, 2006 WL 1667661, at *2.

10. The superior court stated that the doctrine of res judicata, rather than collateral estoppel, would apply even if "the defendants named here are different individuals than those sued by Mr. Latham in the past on these issues." We have sometimes referred to res judicata as including both issue and claim preclusion. Indeed, some commentators also use the label "res judicata" to refer to both forms of preclusion. *See* Fleming James, Jr. & Geoffrey C. Hazard, Jr., Civil Procedure § 11.3 (3d ed. 1985). However, our more recent decisions make clear that we use the label "res judicata" to refer exclusively to claim preclusion and "collateral estoppel" to refer exclusively to "issue preclusion." *See also* Jack H. Friedenthal, Mary Kay Kane, & Arthur R. Miller, Civil Procedure § 14.2 (2d ed. 1993) ("Res judicata prevents re-

litigation of claims; collateral estoppel ends controversy over issues.").

11. The superior court denied Latham's motion to amend his second complaint. Because Latham's claims are barred by collateral estoppel, we agree with the superior court that such an amendment would be "futile." *See Krause v. Matanuska–Susitna Borough*, 229 P.3d 168, 176 (Alaska 2010).

12. AS 09.50.250(1); *see also* Restatement (Second) of Torts § 895D(3) (1979) ("A public officer acting within the general scope of his authority is not subject to *tort liability* for an administrative act or omission if . . . he is immune because engaged in the exercise of a discretionary function . . . .") (emphasis added).

13. *Gates v. City of Tenakee Springs*, 822 P.2d 455, 458 (Alaska 1991) ("There is no merit to Gates' argument that immunity should not apply because her claim is for declaratory relief.").

Latham never disputes that his claim is a tort action, and his pursuit of punitive damages labels his claim as tort-based.[14] As for the government acts he challenges, Latham alleges that the failure of Governor Palin and Attorney General Colberg to challenge the 1995 change violated his constitutional rights. We have held that discretionary immunity protects "government decisions entailing planning or policy formation."[15] In *State v. Abbott*, we adopted the planning-operational test to determine whether a state act or omission was discretionary or not.[16] In *Abbott*, we explained the difference between acts that involve planning and acts that are operational: "The planning level notion refers to decisions involving questions of policy, that is, the evaluation of factors such as the financial, political, economic, and social effects of a given plan or policy.... The operations level decision, on the other hand, involves decisions relating to the normal day-by-day operations of the government."[17] Acts of planning are entitled to discretionary immunity; operational acts are not.

Any decision by Governor Palin, and her appointee Attorney General Colberg, was an act of planning. A decision not to challenge the 1995 law was a high-level policy choice. It was not the execution of "day-to-day" operations of government. We have held that such a "policy judgment and decision" is discretionary.[18] Any decision by Governor Palin and Attorney General Colberg not to challenge the 1995 law was a "policy judgment" on the merits of the 1995 law. Their decision was therefore discretionary within the meaning of the ATCA.

## IV. CONCLUSION

For the reasons set forth above, we AFFIRM the judgment of the superior court dismissing this lawsuit.

---

14. *See Walt v. State*, 751 P.2d 1345, 1354 (Alaska 1988) (explaining that only tort claims can result in punitive damages).

15. *Industrial Indem. Co. v. State*, 669 P.2d 561, 563 (Alaska 1983).

16. 498 P.2d 712, 721 (Alaska 1972).

17. *Id.* at 720 (quoting *Swanson v. United States*, 229 F.Supp. 217, 220 (N.D.Cal.1964)).

18. *Id.* at 718.