NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

BEN J. LATHAM,                   )

                                     )     Supreme Court No. S-19319

              Appellant,      )

                                     )     Superior Court No. 3AN-23-06109 CI

     v.                    )

                                     )     MEMORANDUM OPINION

GOVERNOR MICHAEL J. DUNLEAVY,)      AND JUDGMENT**

AND ATTORNEY GENERAL         )

STEPHEN J. COX,*            )     No. 2108 – September 24, 2025

                                     )

             Appellees.      )

                                     )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Yvonne Lamoureux, Judge.

Appearances: Ben J. Latham, pro se, Anchorage, Appellant. Aisha Tinker Bray, Assistant Attorney General, Anchorage, and Treg Taylor, Attorney General, Juneau, for Appellees.

Before: Carney, Chief Justice, and Borghesan, Henderson, Pate, and Oravec, Justices.

---

\* Under Alaska Appellate Rule 517(b), when public officials who have been sued in their official capacity leave office, their successors are automatically substituted as parties to an appeal. Such changes are reflected in the caption of this decision.

\*\* Entered under Alaska Appellate Rule 214.

Ben Latham has had many opportunities to present his argument that the legislature's 1995 amendments to post-conviction claim procedure unconstitutionally harmed his ability to appeal his suspended sentence and probation revocation. Aside from numerous superior court and court of appeals decisions on the matter,[1] this is Latham's third appeal raising an identical argument to us.[2] In 2003, the court of appeals conclusively rejected Latham's claims because it held that the 1995 amendments did not harm his ability to appeal his suspended sentence or probation revocation.[3] We subsequently held that "[b]ecause Latham's claims are premised on this injury, they are barred by collateral estoppel."[4] "Therefore, the court of appeals' ruling that Latham was not injured by the 1995 legislation bars Latham from further lawsuits based on harm arising from the alleged unconstitutionality of the legislation."[5] Because Latham now raises the same claims of harm arising from the 1995 legislative amendments, and "[p]rior litigation has conclusively established" he was not injured by those amendments,[6] his claims are barred.

The superior court's dismissal of Latham's complaint is AFFIRMED.

---

[1]     *See, e.g.*, *Latham v. State*, No. A-7684, 2003 WL 22250341, at *2 (Alaska App. Oct. 1, 2003); *Latham v. State*, No. A-13764, 2023 WL 227970, at *1 (Alaska App. Jan. 18, 2023).

[2]     *Latham v. Alaska Pub. Def. Agency*, No. S-11494, 2006 WL 1667661, at *4 (Alaska June 14, 2006); *Latham v. Palin*, 251 P.3d 341, 342-43 (Alaska 2011).

[3]     *Latham*, 2003 WL 22250341, at *2-3.

[4]     *Palin*, 251 P.3d at 345.

[5]     *Id.*

[6]     *Id.* at 342.