NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| STEPHEN HARMON, | ) |
| | ) Supreme Court No. S-17741 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-19-10653 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| STATE OF ALASKA, OFFICE OF | ) AND JUDGMENT* |
| GOVERNOR, and GOVERNOR MIKE | ) |
| DUNLEAVY, in an official capacity; and | ) No. 1806 – December 9, 2020 |
| DEPARTMENT OF LAW, and ACTING | ) |
| ATTORNEY GENERAL CLYDE "ED" | ) |
| SNIFFEN, in an official capacity, | ) |
| | ) |
| Appellees. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Herman G. Walker, Jr., Judge.

Appearances: Stephen Harmon, pro se, Wasilla, Appellant. Jessica M. Alloway, Assistant Attorney General, Anchorage, and Kevin Clarkson, Attorney General, Juneau, for Appellees.

Before: Bolger, Chief Justice, Winfree, and Maassen, Justices. [Carney and Borghesan, Justices, not participating.]

# I. INTRODUCTION

After being sentenced to over 99 years' imprisonment for sexual assault and murder, a prisoner repeatedly filed lawsuits related to his sentence. In the latest iteration,

---

\* Entered under Alaska Appellate Rule 214.

the superior court dismissed the prisoner's suit, primarily based on (1) claim and issue preclusion and (2) a discretionary refusal to consider a claim for declaratory and injunctive relief absent an actual fact-based dispute. The court then awarded attorney's fees against him. Because the court did not err by dismissing the suit, we affirm the dismissal. But at oral argument to us, there was a concession of an error in the court's attorney's fees award analysis; we therefore remand to the superior court for further consideration of the attorney's fees award.

## II. FACTS AND PROCEEDINGS

### A. Prior Petitions, Motions, And Lawsuits

Stephen Harmon was convicted of sexual assault and murder in 1993; the superior court "sentenced Harmon to maximum consecutive sentences of thirty years for the sexual assault and ninety-nine years for the murder."[1] The court of appeals affirmed Harmon's conviction and sentence in 1995.[2]

In 2013 Harmon filed his fifth petition for post-conviction relief, arguing "that his sentence was illegal because he was denied the right to a jury trial on two statutory aggravators."[3] The court of appeals rejected Harmon's appeal from the superior court's denial of relief, noting the argument essentially repeated an argument from one of his earlier petitions, based on *Blakely v. Washington*,[4] and stating:

---

[1]    *Harmon v. State*, 908 P.2d 434, 435 (Alaska App. 1995), *abrogated on other grounds by State v. Coon*, 974 P.2d 386 (Alaska 1999).

[2]    *Id.* at 445.

[3]    *Harmon v. State*, No. A-12164, 2017 WL 540969, at *1 (Alaska App. Feb. 8, 2017).

[4]    *Id.* at *1 (citing *Blakely v. Washington*, 542 U.S. 296 (2004)). In *Blakely* the United States Supreme Court held "that a defendant's sentence was invalid because
(continued...)

First, the *Blakely* rule does not apply to Harmon's sentence for first-degree murder because the sentencing range for first-degree murder is not affected by aggravating or mitigating factors. Moreover, as the supreme court explained in *State v. Smart*, the *Blakely* rule does not apply to defendants whose convictions were final when *Blakely* was decided. *Blakely* was decided on June 24, 2004, over eight years after Harmon's convictions became final.[5]

Harmon next filed a federal lawsuit "request[ing] a declaration that the Governor and Attorney General [of Alaska] have not complied with their constitutional obligations to faithfully execute the laws and that they have knowingly and intentionally denied basic constitutional rights and due process to [Harmon] and all Alaskans."[6] He also "request[ed] that Alaska's presumptive sentencing and felony sentencing statutes be changed so as to be in accordance with United States Supreme Court law, in an emergency session of the legislature to be called within thirty days of a court order, and that the rewritten statutes be applied retroactively."[7]

The federal district court dismissed Harmon's complaint with prejudice, concluding that "Harmon ha[d] already litigated the issue of the Alaska presumptive sentencing and felony sentencing statutes as they relate to him" and that "the doctrines of claim and issue preclusion prevent . . . Harmon from proceeding with these

---

**4** (...continued)
the aggravating facts, which supported an increase above the sentence that was authorized by the jury's verdict alone, were neither admitted by the defendant nor found by a jury." *State v. Smart*, 202 P.3d 1130, 1133 (Alaska 2009) (interpreting *Blakely*, 542 U.S. at 305).

**5** *Id.* at *2 (footnotes omitted).

**6** *Harmon v. Dunleavy*, No. 3:19-CV-00213-SLG, 2019 WL 4397331, at *1 (D. Alaska Sept. 13, 2019).

**7** *Id.* (footnotes omitted).

constitutional challenges in this case."[8] The court also pointed out that "[a]lthough . . . Harmon expressly and repeatedly states that he is not challenging the fact or duration of his conviction or sentence, he *is* challenging two sentencing statutes that he claims were unconstitutional as applied to himself and other Alaskans and seeking retroactive relief" and thus "[a] decision invalidating either of those statutes would invalidate the terms of . . . Harmon's confinement."[9]

## B.    Present Suit

In September 2019 Harmon filed a new superior court lawsuit against Governor Mike Dunleavy and then-Attorney General Kevin Clarkson[10] in their official capacities, collectively "the State," making essentially the same claims and seeking essentially the same relief sought in his earlier federal lawsuit. Harmon requested that the court order the governor and the attorney general "to go before the Alaska legislature body and have [AS 12.55.155(c) and AS 12.55.125] constitutionally rewritten." Harmon alleged that the governor knowingly and intentionally was violating the constitution. But Harmon emphasized that he was not challenging his conviction, sentencing, or imprisonment. The complaint was rejected a number of times based on service of process issues before it was properly served upon the State.

In January 2020 the State sought to dismiss the lawsuit. Harmon opposed and sought to enter default against the State. The superior court denied the default and granted dismissal. It found "Harmon's claims [were] barred by the doctrines of claim

---

8    *Id.* at *4-5.

9    *Id.* at *3 (emphasis in original).

10    Attorney General Clarkson, named in Harmon's complaint, has since resigned; Clyde "Ed" Sniffen now is Acting Attorney General and has been substituted as the named appellee in this appeal because Harmon's claims were against the Attorney General in an official capacity.

and issue preclusion and because he lack[ed] standing to bring his claims on behalf of other Alaskans." The court also refused to "issue declaratory judgment without a concrete, factual situation."

The State then sought an attorney's fees award under Alaska Civil Rule 82,[11] emphasizing that Harmon's "case was a frivolous attempt to re-litigate claims and issues that he has already litigated via multiple filings in numerous venues."[12] Harmon opposed, primarily arguing that the court should consider his indigence.[13] The superior court awarded the State the percentage of fees called for in Rule 82(b)(2) without commenting on the State's frivolousness argument or Harmon's indigence argument.

Harmon appeals both orders.

## III.   STANDARD OF REVIEW

"A grant of a motion to dismiss a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6) is reviewed de novo."[14] "Whether res judicata applies

---

[11]    *See* Alaska R. Civ. P. 82(a) ("[T]he prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."); Alaska R. Civ. P. 82(b)(2) (providing for attorney's fees award, when no money judgment, of 20% of prevailing party's actual attorney's fees in most cases).

[12]    *See* Alaska R. Civ. P. 82(b)(3)(F)-(G) (allowing court to vary attorney's fees award under subsection (b)(2) for variety of factors, including reasonableness of claims and vexatious or bad faith conduct).

[13]    *See* Alaska R. Civ. P. 82(b)(3)(I) (allowing court to vary attorney's fees award under subsection (b)(2) for variety of factors, including onerous attorney's fees award's potential chilling effect on other litigation).

[14]    *Bachner Co. v. State, Dep't of Admin.*, 387 P.3d 16, 20 (Alaska 2016) (quoting *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1151 (Alaska 2009)).

is a question of law that we review de novo,"[15] as is "whether the elements of [issue preclusion] are met."[16] Generally, "[w]e review a trial court's denial of . . . declaratory relief for abuse of discretion."[17] We review de novo the superior court's application of law when deciding whether to award attorney's fees.[18]

## IV.  DISCUSSION

### A.  The Superior Court Did Not Err By Granting The State's Motion To Dismiss.

#### 1.  Res judicata and collateral estoppel

The doctrine of res judicata, or claim preclusion, "provides that a final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[19] Collateral estoppel, or issue preclusion, "bars the relitigation of issues actually determined in [earlier] proceedings"[20] and requires four elements:

> (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue

---

[15]     *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013) (quoting *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 820 (Alaska 2006)).

[16]     *Allstate Ins. Co. v. Kenick*, 435 P.3d 938, 944 (Alaska 2019) (alteration in original) (quoting *Lane v. Ballot*, 330 P.3d 338, 341 (Alaska 2014)).

[17]     *Smallwood v. Cent. Peninsula Gen. Hosp.*, 151 P.3d 319, 322 (Alaska 2006).

[18]     *Weimer v. Cont'l Car & Truck, LLC*, 237 P.3d 610, 613 (Alaska 2010).

[19]     *Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997).

[20]     *Latham v. Palin*, 251 P.3d 341, 344 (Alaska 2011) (alteration in original) (quoting *Jeffries v. Glacier State Tel. Co.*, 604 P.2d 4, 8 n.11 (Alaska 1979)).

decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[21]

In 2017 the court of appeals affirmed the dismissal of Harmon's fifth post-conviction relief petition, which had been based on the *Blakely* rule.[22] In 2019 a federal district court dismissed Harmon's suit alleging essentially the same facts and seeking essentially the same relief as his current suit.[23] To the extent Harmon's current lawsuit attempts to affect his sentence, he is reiterating the same claims as his previous actions, and his claims are clearly barred by both issue and claim preclusion.

## 2. Declaratory and injunctive relief

Harmon maintains that he is not seeking to affect his conviction or his sentence and that he simply seeks, as any other citizen could, to require the governor and the attorney general to take action prompting the legislature to amend what he considers to be unconstitutional criminal sentencing statutes. The superior court considered this aspect of Harmon's suit as an action for declaratory relief and refused to consider it because it was an abstract matter not arising from a concrete factual setting. (The obvious factual setting would have been the statutes' application to Harmon's sentence,

---

[21] *Id.* (quoting *Midgett v. Cook Inlet Pre-Trial Facility*, 53 P.3d 1105, 1110 (Alaska 2002)).

[22] *Harmon v. State*, No. A-12164, 2017 WL 540969 (Alaska App. Feb. 8, 2017).

[23] *See Harmon v. Dunleavy*, No. 3:19-CV-00213-SLG, 2019 WL 4397331, at *1 (D. Alaska Sept. 13, 2019).

but that factual setting was considered numerous times during Harmon's earlier actions.[24])

The superior court did not abuse its discretion by declining to consider Harmon's claims for declaratory and injunctive relief. First, if Harmon was not seeking to affect his own sentence, there was no actual controversy to underlie a claim for declaratory relief. A court need not consider declaratory judgment if it would be nothing more than an advisory opinion on a point of law not actually in dispute.[25] A court need not entertain a citizen's request for declaratory judgment on a law's constitutionality merely because the citizen thinks the issue is important or interesting. Second, under our separation of powers form of government,[26] it seems unlikely that, even in connection with an actual dispute about a statute's constitutionality, a court would have the power to order a governor or attorney general to engage with the legislature to amend existing statutes. A court's power generally is limited to determining a statute's constitutionality

---

[24]     *See, e.g., id.*; *Harmon*, 2017 WL 540969 (dismissing fifth petition for relief); *Harmon v. State*, 908 P.2d 434, 435 (Alaska App. 1995), *abrogated on other grounds by State v. Coon*, 974 P.2d 386 (Alaska 1999).

[25]     *Metcalfe v. State*, 382 P.3d 1168, 1171 n.11 (Alaska 2016) (noting requested declaratory relief "must 'be associated with an actual case or controversy' and 'not open the door for hypothetical adjudications, advisory opinions, or answers to moot questions' " (quoting *Laverty v. Alaska R.R. Corp.*, 13 P.3d 725, 729-30 (Alaska 2000))), *abrogated on other grounds by Hahn v. GEICO Choice Ins. Co.*, 420 P.3d 1160 (Alaska 2018).

[26]     *See Meyer v. Alaskans for Better Elections*, 465 P.3d 477, 481 n.20 (Alaska 2020) ("[T]he Alaska Constitution follows the traditional framework with three branches — executive, legislative, and judicial — of American government; . . . it can be fairly inferred that Alaska recognizes the separation of powers doctrine.").

and continuing effect;[27] the court's power likely would not extend to ordering other government branches to amend an unconstitutional statute.

We therefore affirm the superior court's refusal to consider Harmon's claims to the extent he sought declaratory and injunctive relief about the constitutionality of the criminal sentencing statutes.

## B. The Superior Court Did Not Err By Denying Harmon's Motion For Default.

Alaska Civil Rule 12(a) provides: "The state or an officer or agency thereof shall serve an answer to the complaint or to a cross-claim, or a reply to a counter-claim, within 40 days after the service upon the attorney general of the pleading in which the claim is asserted." The clerk of court's office rejected Harmon's complaint multiple times based on service of process issues. As a result, Harmon's request for default was premature; the State had time remaining to respond when it filed its motion to dismiss.[28] The court therefore properly denied Harmon's motion for default.

## C. We Remand The Superior Court's Attorney's Fees Award For Further Consideration.

The superior court awarded the State attorney's fees under Alaska Civil Rule 82(b)(2).[29] But in an action to enforce constitutional rights, Rule 82 governs

---

[27]     *See State v. Planned Parenthood of Alaska*, 171 P.3d 577, 579 (Alaska 2007) ("We are not . . . charged with making law or assessing the wisdom of legislative enactments. . . . We are focused only on upholding the constitution and laws of the State of Alaska.").

[28]     *See* Alaska R. Civ. P. 12(b)(6) (allowing motion to dismiss in lieu of answer).

[29]     Providing that "[i]n cases in which the prevailing party recovers no money judgment, the court . . . shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."

attorney's fees only in certain specified cases.[30] At oral argument to us the State's counsel candidly advised that there had been an error in the superior court's legal analysis for the attorney's fees award because the court did not consider AS 09.60.010(c)'s potential statutory protection for Harmon as a constitutional claimant. Harmon did not raise this point in his appeal, and it has not been briefed by the parties.

The State's counsel nonetheless contends the error was harmless, arguing that the statute does not protect an unsuccessful claimant who raised frivolous constitutional claims and that as a matter of law we should conclude Harmon's constitutional claims were frivolous. We decline because the superior court did not rule on the State's assertion that Harmon's claims were frivolous. And Harmon has not had a chance to address the frivolousness claim in light of AS 09.60.010(c)(2). We therefore remand the attorney's fees issue to the superior court for further consideration.

## V.     CONCLUSION

The superior court's dismissal decision is AFFIRMED. We REMAND for further consideration of the attorney's fees award.

---

[30]     *See* AS 09.60.010(c) providing, in relevant part:

> In a civil action or appeal concerning the establishment, protection, or enforcement of a right under the . . . Constitution of the State of Alaska, the court
>
> . . . .
>
> (2) may not order a claimant to pay the attorney fees of the opposing party devoted to claims concerning constitutional rights if the claimant . . . did not prevail in asserting the right, the action or appeal asserting the right was not frivolous, and the claimant did not have sufficient economic incentive to bring the action or appeal regardless of the constitutional claims involved.