NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ANNIE SOCKPICK, | ) | |
| | ) | Supreme Court No. S-17799 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-18-02060 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| JOEL MAGBY, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1906 – July 20, 2022 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Jonathan A. Woodman, Judge.

Appearances: Richard L. Harren and H. Lee, Law Offices of Richard L. Harren, P.C., Wasilla, for Appellant. Paul J. Nangle, Paul J. Nangle & Associates, Anchorage, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

## I.    INTRODUCTION

After a brief and tumultuous marriage, a woman filed a complaint for divorce. In resolving the divorce the spouses executed a property settlement agreement containing a release of claims purporting to cover "any battery, assault or other actions of domestic violence." A few months later the woman filed a motion in superior court (divorce court) to set aside the settlement agreement, arguing that it was invalid and

---

\*    Entered under Alaska Appellate Rule 214.

unenforceable. The divorce court largely upheld the validity of the agreement — except for the release clause. The divorce court's order noted this exception in a footnote. The woman then filed a new complaint in superior court (tort court), seeking damages resulting from alleged assaults that occurred during the marriage. Neither party brought the key footnote in the divorce court's order to the tort court's attention. Apparently unaware of this footnote, the tort court ruled that the release clause barred the woman's assault claims, and that her attempt to relitigate the validity of the settlement agreement was barred by the rule of issue preclusion. The woman appeals. Because the tort court failed to give preclusive effect to the invalidation of the release clause in the divorce court's order, we vacate the judgment and remand for further proceedings.

## II.     FACTS AND PROCEEDINGS

### A.     Divorce Proceedings

Annie Sockpick (f/k/a Magby), representing herself, filed a complaint for divorce from her husband Joel Magby. Magby's attorney then sent Sockpick a letter with an informal offer to settle the claims arising from their divorce. The letter stated that Magby would not oppose the divorce and was "willing to pay [Sockpick] $3,000.00 (cash) for a property settlement on condition that [Sockpick] sign a mutual release." Several days later Sockpick went to Magby's attorney's office and signed three documents: a "Property Settlement Agreement," a "Settlement and Release Agreement," and a handwritten note confirming that she received $4,000 in cash.

The Property Settlement Agreement contained several terms resolving potential disputes regarding the marital home, personal property, and spousal support. It also recited that Magby would pay Sockpick $4,000 in cash as part of the settlement. The agreement also contained a paragraph pertaining to release of claims. The last sentence of this paragraph specifically addressed claims of assault (the assault release clause):

6.      Mutual Release of Any Claim or Estate Rights

Except as herein provided, the parties hereby release any rights that he or she has, or may hereafter acquire, to share in the estate of the other, or to participate in the administration of the estate of the other, and each waives any rights to elect to take against the Will of the other, pursuant to the laws of the State of Alaska, otherwise. *This release covers any battery, assault or other actions of domestic violence.* (Emphasis added.)

Sockpick signed this agreement.

Meanwhile, the separate Settlement and Release Agreement provided that the $4,000 paid to Sockpick was in exchange for "releas[ing] and forever discharg[ing] [Magby] from all actions, causes of action, suits, controversies, claims, and demands of every kind and nature, mature or to mature in the future." Sockpick signed this agreement too.

**B.      Proceedings To Set Aside Settlement Agreements**

Several months after Sockpick signed the two agreements, she retained counsel and filed a motion to set aside both of them. She argued that she did not give her informed consent to either agreement and was under duress when they were executed.

The superior court (divorce court) ruled that the Settlement and Release Agreement was unenforceable in its entirety because Sockpick did not give consideration and "did not understand the terms or significance of the release, including full release of all civil tort claims" against Magby.

As for the Property Settlement Agreement, the court ruled that it was largely enforceable. The court found that "[Sockpick] understood that the *Property Settlement Agreement* resolved her divorce with . . . Magby." It concluded that the Agreement was largely "fair and equitable" and enforceable. But, in footnote 2 of its order, the court "exclud[ed]" the assault release clause from its enforceability ruling.

The court explained the clause was unenforceable because it was "ambiguous[:] . . . [i]t is unclear what time period this term would remain in effect."

The court then entered a decree of divorce incorporating its findings of fact and conclusions of law. Neither party appealed the final judgment.

## C.    Tort Proceedings

Two months after judgment became final in the divorce proceedings, Sockpick filed a complaint against Magby in tort, alleging that Magby assaulted her during the marriage. Magby moved for summary judgment. He argued that the assault release clause in the Property Settlement Agreement barred Sockpick's assault claims and that because the validity of the Property Settlement Agreement had already been established in litigation, it was precluded from further consideration. Magby did not mention footnote 2 of the divorce court's order. Sockpick opposed the motion and responded with a cross-motion for summary judgment. Although Sockpick did not mention footnote 2 either,[1] she noted that the divorce court invalidated the release of her tort claims because she had not "underst[oo]d the terms or significance of the release." That ruling, Sockpick argued, had preclusive effect that entitled her — not Magby — to summary judgment.

The tort court granted summary judgment for Magby. With no mention of footnote 2 of the divorce court's order, the tort court interpreted the order as upholding the entirety of the Property Settlement Agreement, including the assault release clause. The tort court reasoned that the order's upholding of the Agreement had preclusive effect,[2] so Sockpick's assault claims were barred by the assault release clause in the

---

[1]    Sockpick later noted in her reply to Magby's opposition that the divorce court "observed" that the assault release clause was "ambiguous."

[2]    "Issue preclusion 'bars the relitigation of issues actually determined in
(continued...)

Agreement. Sockpick filed a motion for reconsideration. The tort court denied reconsideration, explaining that it had "primarily rel[ied] upon the interpretation of the [Property Settlement Agreement] by the divorce court." Sockpick now appeals. Because the parties' briefing on appeal did not address the effect of footnote 2 on Sockpick's assault claims, we invited the parties to file supplemental briefing on the issue.

III.   STANDARD OF REVIEW

"We review a grant of summary judgment de novo and will affirm the decision to grant summary judgment if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law."[3] Whether issue preclusion applies "is a question of law subject to independent review."[4]

IV.   DISCUSSION

The tort court granted summary judgment in favor of Magby on the ground that the validity of the assault release clause was previously litigated and upheld. The tort court reasoned that because the divorce court upheld the assault release clause, Sockpick was precluded from arguing the clause's validity and her claims were barred by the clause.

But the divorce court did not uphold the assault release clause. To the contrary, although the divorce court upheld the rest of the Property Settlement Agreement, footnote 2 "exclud[ed]" the assault release clause. In other words, the divorce court determined that the clause was unenforceable. Although the tort court

---

[2]    (...continued)
[earlier] proceedings.' " *Allstate Ins. Co. v. Kenick*, 435 P.3d 938, 944 (Alaska 2019) (alteration in original) (quoting *Latham v. Palin*, 251 P.3d 341, 344 (Alaska 2011)).

[3]    *Parker v. Tomera*, 89 P.3d 761, 765 (Alaska 2004).

[4]    *Lane v. Ballot*, 330 P.3d 338, 341 (Alaska 2014) (quoting *Rapoport v. Tesoro Alaska Petrol. Co.*, 794 P.2d 949, 951 (Alaska 1990)).

expressed its intent to rely on the divorce court's ruling, overlooking footnote 2 resulted in the opposite outcome.

Footnote 2 has significant implications. If footnote 2 is given preclusive effect, then the assault release clause does not bar Sockpick's assault claims. The question of footnote 2's effect, however, was not addressed by the parties on appeal.[5] We may nevertheless raise and consider a question sua sponte if it involves "an issue of law that is 'critical to a proper and just decision.' "[6] We are "particularly" willing to do so when we have "call[ed] the matter to the attention of the parties and afford[ed] them the opportunity to brief the issue.' "[7]

We gave the parties this opportunity in our order inviting supplemental briefing. And because the issue is critical to the summary judgment ruling, we decide the legal question of whether the divorce court's ruling on the assault release clause is entitled to preclusive effect.[8]

Issue preclusion bars the relitigation of issues determined in prior proceedings.[9] Issue preclusion applies when four factors are met:

---

[5]    However, as discussed above, Sockpick did argue in her cross-motion for summary judgment before the tort court that the divorce court's invalidation of the Settlement and Release Agreement had preclusive effect in her favor.

[6]    *Martin v. Martin*, 303 P.3d 421, 426 (Alaska 2013) (quoting *Vest v. First Nat'l Bank of Fairbanks*, 659 P.2d 1233, 1234 n.2 (Alaska 1983)).

[7]    *Vest*, 659 P.2d at 1234 n.2.

[8]    *Lane*, 330 P.3d at 341 ("The applicability of the doctrine of collateral estoppel is a question of law subject to independent review." (quoting *Rapoport*, 794 P.2d at 951)).

[9]    *Allstate Ins. Co. v. Kenick*, 435 P.3d 938, 944 (Alaska 2019) (explaining that "relitigation of issues actually determined in [earlier] proceedings" is barred by issue

(continued...)

(1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action;

(2) the issue precluded from relitigation is identical to the issue decided in the first action;

(3) the issue was resolved in the first action by a final judgment on the merits; and

(4) the determination of the issue was essential to the final judgment.[10]

Each factor is met here. Magby was a party to the first action before the divorce court. The issue here — the validity of the assault release clause — was decided in that action, in an order that was a final judgment on the merits. And determining the validity of the Property Settlement Agreement's assault release clause was essential to the divorce court's judgment on the validity of the Property Settlement Agreement as a whole.

Magby disputes the fourth factor. He argues that the divorce court's invalidation of the assault release clause was not "essential" to the divorce court's order because that order focused on the division of marital property, not "the merits of any tort claims." But the divorce court was asked to determine the validity of the Property Settlement Agreement, and the assault release clause was one of the terms included in that written agreement. The divorce court's judgment that the Agreement was partially valid necessarily included its determination that the Agreement was partially invalid. Whether or not that judgment was correct,[11] the divorce court's invalidation of the assault

---

**9** (...continued) preclusion (quoting *Latham v. Palin*, 251 P.3d 341, 344 (Alaska 2011))).

**10** *McElroy v. Kennedy*, 74 P.3d 903, 907 (Alaska 2003) (quoting *Renwick v. State, Bd. of Marine Pilots*, 971 P.2d 631, 634 (Alaska 1999)).

**11** Magby argues that the divorce court erred by "striking out some portions" (continued...)

release clause was "essential" to its order setting forth whether and to what degree the parties reached a valid agreement in their divorce.[12]

Issue preclusion therefore applies. The divorce court struck the assault release clause as unenforceable in footnote 2. Because the divorce court invalidated the release clause, and because the parties did not appeal the divorce court's ruling, Magby cannot now argue that the clause is valid. Because the invalidated assault release clause was the basis for the tort court's grant of summary judgment to Magby, we reverse.[13]

## V. CONCLUSION

We VACATE the superior court's grant of summary judgment for Magby and REMAND for further proceedings consistent with this opinion.

---

[11]    (...continued)
of the Agreement and "leaving other portions intact." But neither party appealed the divorce court's order. Magby cannot now collaterally challenge the divorce court's order. *See DeNardo v. State*, 740 P.2d 453, 457 (Alaska 1987) ("[A] decision is not subject to collateral attack if it is merely erroneous rather than void.").

[12]    *See McElroy*, 74 P.3d at 907 (explaining that issue preclusion applies only when "the determination of the issue was essential to the final judgment" (quoting *Renwick*, 971 P.2d at 634)).

[13]    Magby argues that even without the assault release clause, the remaining language in the Property Settlement Agreement requires dismissal of the case. But the tort court's judgment relied on the validity of the assault release clause; the court made no findings as to whether the Agreement without that clause would bar Sockpick's assault claims. Because interpretation of the Agreement may require additional factual findings, which is the purview of the superior court, we decline to address this argument.